**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3100-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ALI BERGER,

    Defendant-Appellant.

_____

Submitted October 24, 2023 – Decided November 17, 2023

Before Judges Rose and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 18-06-1857.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Braden Bendon Couch, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Ali Berger appeals from a May 3, 2022 Law Division order which denied his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant argues a remand for an evidentiary hearing is warranted because he made a prima facie showing of ineffective assistance of counsel. We affirm.

On November 17, 2017, defendant had a disagreement with Shakeem Bernard in Newark. Defendant had in his possession a loaded handgun which he intentionally fired at Bernard. Bernard sustained a gunshot wound and passed away from his injury. Defendant fled the scene driving in a vehicle with his brother, Daquan Berger, and a friend, Wajeirah Wilson, as passengers. Newark police officers responded to the area and pursued the vehicle. While attempting to elude the police, defendant crashed into another vehicle, injuring the driver. Defendant was arrested and later admitted he was under the influence of alcohol at the time.

In 2018, a grand jury indicted defendant on the following charges: first-degree conspiracy to commit murder, N.J.S.A. 2C:5-2, :11-3(a)(1) to (2) (count one); first-degree murder, N.J.S.A. 2C:11-3(a)(1) to (2) (count two); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count three); second-degree possession of a weapon for an unlawful purpose,

N.J.S.A. 2C:39-4(a) (count four); second-degree eluding, N.J.S.A. 2C:29-2(b) (count five); second-degree aggravated assault by eluding, N.J.S.A. 2C:12-1(b)(6) (count six); third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a) (count seven); and third-degree possession of a controlled dangerous substance with the intent to distribute, N.J.S.A. 2C:35-5(a)(1), (b)(3) (count eight).

In September 2019, the State and defendant entered a negotiated plea agreement. Defendant pleaded guilty to count two of the indictment, amended to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), and count six as charged. The State agreed to recommend eighteen years in prison on count two, subject to the No Early Release Act's (NERA), N.J.S.A. 2C:43-7.2, eighty-five percent period of parole ineligibility, and eight years in prison on count six, also subject to NERA, to be served concurrently. Defendant, in accordance with the plea agreement, agreed to exculpate co-defendants, his brother and Wilson. In exchange, the State recommended dismissal of all remaining counts.

In December 2019, the trial court sentenced defendant. Plea counsel argued for a reduced sentence of "[fifteen]-year[s] New Jersey State Prison" "on the aggravated manslaughter" and requested that it "run concurrent[ly] to

count-[six]" for five-years' imprisonment subject to NERA. Plea counsel further argued for the application of mitigating factors: nine, N.J.S.A. 2C:44-1(b)(9), "character and attitude of the defendant indicate that the defendant is unlikely to commit another offense," and eleven, N.J.S.A. 2C:44-1(b)(11), "imprisonment of the defendant would entail excessive hardship to the defendant or the defendant's dependents." Plea counsel argued under mitigating factor nine that defendant was planning on becoming "gainfully employed" and was committed to being a "productive member of society." Under mitigating factor eleven, plea counsel argued defendant "was actively involved in [his] child's life." Additionally, plea counsel argued the court should consider defendant's young age of twenty-eight, and that defendant showed "sympathy toward the family" and "remorse."

The State argued for a sentence in accordance with the plea agreement. The State submitted that the court should find aggravating factors: three, N.J.S.A. 2C:44-1(a)(3), "risk that the defendant will commit another offense," six, N.J.S.A. 2C:44-1(a)(6), "extent of the defendant's prior criminal record and the seriousness of the offenses of which the defendant has been convicted," and nine, N.J.S.A. 2C:44-1(a)(9), "need for deterring the defendant and others from violating the law." The State argued defendant's criminal

history, including four indictable convictions, should be weighed heavily by the court.

The judge found no mitigating factors but found aggravating factors three and nine. Defendant was sentenced in accordance with the plea agreement to eighteen years imprisonment subject to NERA on count two, and eight years subject to NERA on count six, imposed concurrently to count two. Defendant did not appeal from his convictions or sentence.

On November 24, 2020, defendant filed a self-represented petition for PCR, asserting he was denied the right to effective assistance of counsel under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Article 1, Paragraph 10 of the New Jersey Constitution. Thereafter, assigned counsel filed a supplemental brief, asserting: the judge erred in the analysis of the aggravating and mitigating factors; plea counsel rendered ineffective assistance at the sentencing hearing in violation of defendant's rights under the New Jersey and United States Constitutions; "the cumulative effect of all the errors" deprived defendant of "his constitutional right to a fair hearing"; an evidentiary hearing was warranted; and defendant's PCR petition was timely filed.

A-3100-21

The PCR judge, who also presided over the trial court proceedings, denied PCR without a hearing. The judge found defendant's PCR petition was timely filed and not procedurally barred under Rule 3:22-12. However, the judge "decline[d] to entertain [defendant's] allegations of ineffective assistance of [plea] counsel" as they were "cursory and lack[ed] merit" and "the arguments asserted by [defendant] [we]re directly contravened by the record." This appeal followed.

On appeal, defendant argues plea counsel failed to seek mitigating factors: four, N.J.S.A. 2C:44-1(b)(4), "[t]here were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense"; eight, N.J.S.A. 2C:44-1(b)(8), "defendant's conduct was the result of circumstances unlikely to recur"; and twelve, N.J.S.A. 2C:44-1(b)(12), "willingness of the defendant to cooperate with law enforcement authorities." Defendant contends plea counsel inadequately argued for the application of mitigating factors nine and eleven, and failed to argue against aggravating factors three and nine, which the court found. Defendant argues in a single point:

> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT [PLEA] COUNSEL RENDERED INEFFECTIVE

ASSISTANCE BY FAILING TO ADVOCATE ADEQUATELY AT SENTENCING.

In the absence of an evidentiary hearing, we review de novo the factual inferences drawn from the record by the PCR judge as well as the judge's legal conclusions. State v. Aburoumi, 464 N.J. Super. 326, 338-39 (App. Div. 2020). We review a PCR judge's decision to deny a defendant's request for an evidentiary hearing under an abuse of discretion standard. See State v. L.G.-M., 462 N.J. Super. 357, 365 (App. Div. 2020).

A petitioner must establish entitlement to "PCR by a preponderance of the evidence." State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014). Additionally, a petitioner is not automatically entitled to an evidentiary hearing by simply raising a PCR claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

To succeed on a claim of ineffective assistance of counsel, a defendant must satisfy both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), as adopted by State v. Fritz, 105 N.J. 42, 58 (1987), by a preponderance of the evidence. "First, the defendant must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. This requires demonstrating that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment." Ibid. The United States Constitution requires "reasonably effective assistance." Ibid. An attorney's performance will not be deemed deficient if counsel acted "within the range of competence demanded of attorneys in criminal cases." Ibid. (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). Therefore, "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88.

When assessing the first Strickland prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight." Id. at 689. "Merely because a trial strategy fails does not mean that counsel was ineffective." State v. Bey, 161 N.J. 233, 251 (1999). Thus, a trial court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Further, the court must not focus on the defendant's dissatisfaction with counsel's "exercise of

8

judgment during the trial . . . . while ignoring the totality of counsel's performance in the context of the State's evidence of [the] defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006).

Under the second prong of the Strickland test, the defendant must show "the deficient performance prejudiced the defense." 466 U.S. at 687. This means "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid. It is insufficient for the defendant to show the errors "had some conceivable effect on the outcome." Id. at 693. Ultimately, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if [it] had no effect on the judgment." Id. at 691.

We conclude an evidentiary hearing was not warranted because, as the PCR judge found, the sentencing record dispelled defendant's argument that plea "counsel rendered ineffective assistance by failing to advocate adequately at sentencing." Judge Siobhan A. Teare, in her cogent written decision, clearly reviewed "the entire colloquy set forth by [plea] counsel during sentencing," and rendered specific findings after evaluating plea counsel's sentencing arguments. The judge noted plea counsel had "reviewed the presentence report," argued for "additional jail credits," and argued in favor of "mitigating

factors." The judge recited the foundation given by plea counsel for the mitigating factors argued, along with the request for a lesser sentence. Further, regarding the second Strickland prong, she correctly determined defendant was sentenced in accordance with "the sentence that he negotiated."

In finding an evidentiary hearing was not necessary, Judge Teare noted defendant's arguments were "directly contravened" and she could "analyze [the] facts which [we]re clearly established on the record." We agree. Pursuant to Rule 3:22-10(b), a defendant is entitled to an evidentiary hearing when there is a showing of: "a prima facie case in support of [PCR], a determination by the court that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief." Therefore, there is no automatic entitlement to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013); see also State v. Peoples, 446 N.J. Super. 245, 254 (App. Div. 2016) (holding "[t]he mere raising of a claim of [ineffective assistance of counsel] does not entitle the defendant to an evidentiary hearing"). Defendant has not set forth a "material issue[]" in dispute as to counsel's ineffective assistance in failing to further address the aggravating and mitigating factors based on the record. See R. 3:22-10(b).

Judge Teare correctly found the "conclusory allegations" that counsel failed to argue as to certain factors were insufficient in the context of the record and the parties' negotiated plea agreement. Unlike the defense counsel in State v. Hess, 207 N.J. 123, 154 (2011), plea counsel did not "fail[] to present mitigating evidence or argue for mitigating favors." Judge Teare further found defendant failed to demonstrate "unprofessional behavior which resulted in a changed outcome at trial." A defendant must show by a "reasonable probability" that a deficient performance affected the outcome. Fritz, 105 N.J. at 58.

We conclude a review of defendant's arguments in light of the sentencing record demonstrates defendant failed to make a prima facie showing of ineffective assistance of counsel. Accordingly, the PCR judge did not abuse her discretion by resolving the petition on the existing record, denying the petition without an evidentiary hearing, and finding defendant failed to demonstrate ineffective assistance of counsel.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3100-21